**LAUMOLI SASA, Appellant**

**v.**

**TE'O J. FUAVAI, Appellee**

**Registration of the Matai Title "OLOMUA" of the Village of Aoa.**

High Court of American Samoa

Appellate Division

AP No. 22-94

November 28, 1995

Before RICHMOND, Associate Justice, ALARCON,[*] Acting Associate Justice, UNPINGCO,[**] Acting Associate Justice, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:      For Appellant, Asaua Fuimaono
              For Appellee, Albert Mailo

Opinion and Order:

RICHMOND, J.:

On October 31, 1994, the Land and Titles Division of this court ("trial court") awarded the matai title "Olomua" of the Village of Aoa to appellee Te`o J. Fuavai ("Te`o"). Appellant Laumoli Sasa ("Laumoli"), the losing candidate at trial, appealed.

▆▆▆ Disputes over matai titles are governed by the four criteria set forth in A.S.C.A. § 1.0409(c): (1) best hereditary right; (2) the wish of the

---

[*]     Hon. Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation of the Secretary of the Interior.
[**]    Hon. John S. Unpingco, Chief Judge, United States District Court for the District of Guam, sitting by designation of the Secretary of the Interior.

majority or plurality of the clans as customary in that family; (3) forcefulness, character and personality, and knowledge of Samoan customs; and (4) value to the family, village and country. The trial court's factual findings concerning the candidates' relative worthiness with regard to each of these factors should not be reversed unless found to be "clearly erroneous." A.S.C.A. § 43.0801(b).

### 1. Hereditary Right

Laumoli prevailed on this issue at trial and does not appeal it.

### 2. Clan Support

The trial court found that the original Olomua had one child, who, according to custom, founded the single clan of the family in the absence of any established contrary family tradition. The trial court further found that neither candidate has the consensus of that clan. Hence, neither candidate prevailed upon the criterion of having the support of the majority or plurality of the clans within the family.

Laumoli argues that the family is actually comprised of more than one clan, and that he has the support of all of the clans. This argument defies logic. If Laumoli had the support of all the family clans, whether one or more in number, in the Samoan tradition of consensus, this case would never have been litigated. As to the issue of whether there is more than one clan, Laumoli merely asserts that both candidates believe the family to be comprised of more than one clan.

Te`o argues that both factions of the family, which he loosely refers to as "sides or clans," had agreed at the Office of Samoan Affairs that the Te`o side of the family would become the next Olomua. Te`o's Br. at 5. Te`o also refers to "all of the clans of the family or representatives of these immediate families of one clan." Te`o's Br. at 6.

We cannot conclude that the trial court was clearly erroneous in finding that the family is comprised of a single clan and neither candidate won this criterion.

### 3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

Regarding knowledge of custom, Laumoli takes no issue with the trial court's finding that the parties were equal. He contests the finding that Te`o's style of forcefulness is preferable to his own. The trial court found that Laumoli tends to be somewhat overbearing based on the fact that, as an untitled man, Laumoli caused contention within his family by

79

unilaterally asserting control over family lands and destroying the plantation of another family member. Laumoli does not dispute that the incident occurred but characterizes his involvement as action to protect family lands.

■ These arguments may be thought provoking, but they do not demonstrate that the trial court's portrayal of the facts is clearly erroneous. They merely suggest that the objective facts should be viewed in a better subjective light than the trial court chose to view them. We cannot substitute our own judgment and render the trial court's subjective characterization clearly erroneous unless no reasonable person could view the facts as the trial court viewed them. A reasonable person could have viewed the facts as the trial court did, and thus there is no clear error.

### 4. Value to the Family, Village and Country

Laumoli points out that he, unlike Te'o, has rendered tautua (or service) to the previous Olomua; that he, unlike Te'o, lives in Aoa village; that his experience as a faife'au (or minister) has provided him with experience which is more relevant to a talking chief's duties than anything on Te'o's resume; and that he is younger and consequently will have an opportunity to serve the family for a longer period than Te'o. Again, we find these arguments interesting, but Te'o has 27 years of matai experience, has served as a member and then the Speaker of the House of Representatives, has headed two government departments, and has done other notable and respected work in the community. We cannot say that the trial court clearly erred with regard to his value to family, village, and country.

We'affirm the trial court's judgment.